IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ENTERED
LODGED RECEIVED

FEB 03 2026

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 1:26-mj-00274-DRM |
| | * | |
| Jose LOPEZ-Martinez | * | |
| | * | |

*******

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Jesse Aston, being duly sworn, deposes and states the following:

1. I am a Deportation Officer with United States Immigration and Customs Enforcement "ICE" and have served in that capacity since June 19, 2022. I am authorized by law to interrogate, arrest, search, and seize aliens who are unlawfully present in the United States pursuant to Title 8, United States Code, Section 1357. Throughout my career, I have been involved in the investigation of numerous cases involving the illegal reentry of aliens into the United States.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal history record; and from reports of other enforcement officers involved in the investigation.

3. Because I have submitted this Affidavit for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause.

4. This Affidavit is submitted in support of a criminal complaint and arrest warrant for Jose LOPEZ-Martinez, charging him with reentry after removal in violation of 8 U.S.C. § 1326(b).

**PROBABLE CAUSE**

5. The defendant is a citizen and national of Mexico, and not a native, citizen or national of the United States.

6. At an unknown date and time before January 2026, the defendant entered the United States at or near unknown location without inspection by an immigration officer.

7. On February 28, 2009, the United States Border Patrol, in Douglas, Arizona detained **LOPEZ** following his entrance without inspection or parole by an immigration officer, not through a designated port of entry.

8. On March 3, 2009, **LOPEZ** was issued a stipulated removal to Mexico by an Immigration Judge in Los Angeles, California.

9. On March 3, 2009, **LOPEZ** was removed from the United States on foot via Nogales, Arizona Port of Entry, by land and walked across the border to Mexico.

10. On April 16, 2011, the United States Border Patrol, in Casa Grande, Arizona, detained **LOPEZ** following his entrance without inspection or parole by an immigration officer, not through a designated port of entry. **LOPEZ** was issued a Notice to Reinstate a Prior Order of Removal, Form I-871, in violation of 241(a)(5) of the Immigration and Nationality Act.

11. On April 16, 2011, **LOPEZ** was removed from the United States on foot via Eagle Pass, Texas Port of Entry, by land and walked across the border to Mexico.

12. On October 28, 2011, the Enforcement and Removal Operations (ERO), in Westminster, California issued **LOPEZ** a Notice to Appear, Form I-862, in violation of Section

212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). Due to the case of U.S. v. Ramos, the 9th Circuit Court decided that Stipulated Removals were a violation of due process rights.

13. On December 5, 2011, **LOPEZ** was issued a final order of removal to Mexico by an Immigration Judge in Lancaster, California.

14. On December 9, 2011, **LOPEZ** was removed from the United States on foot via San Ysidro, California Port of Entry, by land and walked across the border to Mexico.

15. On March 16, 2012, the United States Border Patrol, in Casa Grande, Arizona, detained **LOPEZ** following his entrance without inspection or parole by an immigration officer, not through a designated port of entry. **LOPEZ** was issued a Notice to Reinstate a Prior Order of Removal, Form I-871, in violation of 241(a)(5) of the Immigration and Nationality Act.

16. On March 18, 2012, **LOPEZ** was removed from the United States on foot via Douglas, Arizona Port of Entry, by land and walked across the border to Mexico.

17. On August 17, 2012, the United States Border Patrol, in Casa Grande, Arizona, detained **LOPEZ** following his entrance without inspection or parole by an immigration officer, not through a designated port of entry. **LOPEZ** was issued a Notice to Reinstate a Prior Order of Removal, Form I-871, in violation of 241(a)(5) of the Immigration and Nationality Act.

18. On August 19, 2012, **LOPEZ** was removed from the United States on foot via Calexico, California Port of Entry, by land and walked across the border to Mexico.

19. On August 31, 2012, the United States Border Patrol, in Casa Grande, Arizona, detained **LOPEZ** following his entrance without inspection or parole by an immigration officer, not through a designated port of entry. **LOPEZ** was issued a Notice to Reinstate a Prior Order of Removal, Form I-871, in violation of 241(a)(5) of the Immigration and Nationality Act.

20. On September 2, 2012, **LOPEZ** was removed from the United States on foot via Calexico, California Port of Entry, by land and walked across the border to Mexico.

21. On September 12, 2012, the United States Border Patrol, in Casa Grande, Arizona, detained **LOPEZ** following his entrance without inspection or parole by an immigration officer, not through a designated port of entry. **LOPEZ** was issued a Notice to Reinstate a Prior Order of Removal, Form I-871, in violation of 241(a)(5) of the Immigration and Nationality Act.

22. On September 14, 2012, **LOPEZ** was removed from the United States on foot via Calexico, California Port of Entry, by land and walked across the border to Mexico.

23. On September 12, 2012, the United States Border Patrol, in Casa Grande, Arizona, detained **LOPEZ** following his entrance without inspection or parole by an immigration officer, not through a designated port of entry. **LOPEZ** was issued a Notice to Reinstate a Prior Order of Removal, Form I-871, in violation of 241(a)(5) of the Immigration and Nationality Act.

24. On May 16, 2016, the Enforcement and Removal Operations (ERO), in Westminster, California issued **LOPEZ** a Notice to Reinstate a Prior Order of Removal, Form I-871, in violation of 241(a)(5) of the Immigration and Nationality Act.

25. On August 3, 2016, **LOPEZ** was removed from the United States on foot via San Ysidro, California Port of Entry, by land and walked across the border to Mexico.

26. On August 22, 2020, the United States Border Patrol, in Casa Grande, Arizona, detained **LOPEZ** following his entrance without inspection or parole by an immigration officer, not through a designated port of entry. **LOPEZ** was issued a Notice to Reinstate a Prior Order of Removal, Form I-871, in violation of 241(a)(5) of the Immigration and Nationality Act and held for prosecution.

## CRIMINAL HISTORY

27. On July 10, 2005, the Santa Barbara County Sheriff's Office, California charged **LOPEZ** with driving under the influence, driving without license, giving false information to peace officers. On October 17, 2011, the Santa Maria County Court convicted **LOPEZ** of driving under the influence, giving false information to peace officer. A sentence of 15 days of incarceration and 3 years' probation, and a fine was imposed.

28. On September 17, 2006, the Fresno County Sheriff's Office, CA charged **LOPEZ** with disorderly conduct intoxication/alcohol. On July 11, 2022, the Santa Barbara, County Sheriff's Office, California, granted arrest relief per 851.93 penal code.

29. On June 26, 2007, the Santa Barbara County Sheriff's Office, California charged **LOPEZ** with driving under the influence, driving without license, hit and run. On October 17, 2011, the Santa Maria County Court convicted **LOPEZ** of driving under the influence of driving without license. A sentence of 90 days of incarceration and 3 years' probation, and a fine was imposed.

30. On January 24, 2009, the Fresno County Sheriff's Office, California charged **LOPEZ** with driving under the influence of driving without license. On July 11, 2022, the Santa Barbara, County Sheriff's Office, California, granted arrest relief per 851.93 penal code.

31. On October 01, 2011, the Santa Barbara County Sheriff's Office, California charged **LOPEZ** with driving under the influence. On July 11, 2022, the Santa Barbara, County Sheriff's Office, California, granted arrest relief per 851.93 penal code.

32. On September 26, 2011, the Fresno County Sheriff's Office, California charged **LOPEZ** with driving under the influence, driving without license. On July 11, 2022, the Santa Barbara, County Sheriff's Office, California, granted arrest relief per 851.93 penal code.

33. On December 16, 2012, the Madera County Sheriff's Office, Colorado, charged **LOPEZ** with possession of controlled substance. On January 1, 2018, the Madera County District Court convicted LOPEZ of possession of controlled substance. A sentence of 34 days of incarceration and 3 years' probation, and a fine was imposed.

34. On May 14, 2016, the Santa Barbara County Sheriff's Office, California charged **LOPEZ** with robbery, inflicting corporal injury on spouse, attempted crime/ offense perpetrated. On July 21, 2016, the Santa Maria County Court convicted **LOPEZ** of inflicting corporal injury on spouse. A sentence of 180 days of incarceration and 5 years' probation was imposed. On June 21, 2021, the Santa Barbara County Sheriff's Office, California charged **LOPEZ** with probation violation of inflicting corporal injury on spouse.

35. On March 17, 2023, the Santa Barbara County Sheriff's Office, California charged **LOPEZ** with driving under the influence. On December 12, 2024, the Santa Barbara, County Sheriff's Office, California, granted arrest relief per 851.93 penal code.

36. On or about January 16, 2026, the defendant, **LOPEZ,** was encountered by law enforcement as a collateral arrest, during a targeted enforcement action, in the United States at Salisbury, Maryland, which is in the District of Maryland. The defendant indicated that he was present in the United States illegally. The defendant was found with his Mexican Consular identification card and Mexican voter card on his person. Photographic comparison of **LOPEZ**'s prior removals in the Enforcement Alien Removal Module database to his Mexican Consular identification card and Mexican voter identification card confirmed his identity. The defendant, **LOPEZ,** was placed under arrest.

37. On January 16, 2026, the Salisbury ERO office obtained fingerprint impressions from the person they had under arrest and identified at that time as **LOPEZ** on a live scan fingerprint

scanner. These impressions were electronically submitted to various law enforcement databases. The fingerprint impressions had a positive return to **LOPEZ** in Next Generation Identification and Automated Biometric Identification System databases confirming a match of **LOPEZ**'s criminal and immigration record.

38. An ICE official with fingerprint analysis training compared the fingerprints taken in connection with the defendant's, **LOPEZ,** January 16, 2026, arrest with the fingerprints taken in connection with the defendant's August 22, 2020, United States Border Patrol arrest, and determined that all sets of fingerprints were made by the same individual.

39. There is no record that, following the prior deportation, the defendant, **LOPEZ,** ever obtained permission to reenter the United States from the Secretary for Homeland Security, the United States Attorney General, or any other authorized official.

## CONCLUSION

Accordingly, pursuant to the facts set forth above, I submit that probable cause exists for the issuance of a criminal complaint and warrant for the arrest of **Jose LOPEZ-Martinez**, an alien who previously had been removed, knowingly entered and was found in the United States without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to reapply for admission in the United States as required by law, in violation of 8 U.S.C. § 1326(a).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**JESSE T ASTON**
Digitally signed by JESSE T ASTON
Date: 2026.01.28 15:01:27 -05'00'

Jesse Aston
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) this __29th__ day of January, 2026

_____
Honorable Douglas R. Miller
United States Magistrate Judge